# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CONTRERAS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　　Respondent. | 1:06-cv-01541-TAG HC<br><br>ORDER GRANTING MOTION<br>TO DISMISS PETITION (Doc. 11)<br><br>ORDER DISMISSING PETITION<br>AND DIRECTING CLERK OF COURT TO<br>ENTER JUDGMENT |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on November 1, 2006.  (Doc. 1).  In his petition, Petitioner challenges the legality of a $100 restitution fine included in his January 9, 1990 two-year sentence imposed after a probation revocation determination.  (Doc. 1, pp. 2-7).  On January 7, 2008, the Court ordered Respondent to file a response.  (Doc. 7).  On April 7, 2008, Respondent filed the instant motion to dismiss.  (Doc. 11).  Petitioner has not filed a response to the motion to dismiss.  On April 29, 2008, upon the consent of all parties, the matter was re-assigned to the United States Magistrate Judge for all purposes.  (Doc. 16).

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed the instant motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Respondent also contends that the Court lacks habeas jurisdiction because Petitioner is no longer in custody with respect to the

conviction the petition challenges and because Petitioner has failed to exhaust his state court remedies. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period, lack of jurisdiction, and failure to exhaust. Because the first two grounds raised in the motion cause the motion to be similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh, 521 U.S. 320. The instant petition was filed on November 1, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), cert. denied, 522 U.S. 1099, 118 S.Ct. 899 and 523 U.S. 1061, 118 S. Ct. 1389 (1998), overruled on other grounds by, Calderon v. United States District Court (Kelly), 163 F. 3d 530 (9th Cir. 1998). In such circumstances, the limitations period would begin to run on April 25, 1996, and expire on April 25, 1997. Patterson v. Stewart, 251 F. 3d 1243, 1245 (9th Cir. 2001).

Here, Petitioner was sentenced on January 9, 1990 and did not appeal his sentence. California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of

1  Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant

2  convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.

3  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court,

4  Rule 31(d)).  Because Petitioner did not file a notice of appeal, his direct review concluded on March

5  10, 1990, when the sixty-day period for filing a notice of appeal expired.

6        Since Petitioner's direct review ended prior to the enactment of the AEDPA, Petitioner would

7  have had until April 25, 1997 within which to file his habeas petition.  As mentioned, this petition

8  was not filed until November 1, 2006, approximately nine and one-half years after the limitation

9  period had expired for filing such a petition.  Accordingly, unless Petitioner is entitled to some form

10 of tolling, the petition must be dismissed as untimely.

11       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

13 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

14 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

15 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

16 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

17 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

18 delay in the intervals between a lower court decision and the filing of a petition in a higher court.

19 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations

20 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

21 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

22 (9th Cir. 1999).

23       Nevertheless, there are circumstances and periods of time when no statutory tolling is

24 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

25 appeal and the filing of an application for post-conviction or other collateral review in state court,

26 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

27 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

28 a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a

1  federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
2  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
3  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already
4  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
5  ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
6  state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner
7  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See
8  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

9         Here, the documents filed by Respondent in connection with the motion to dismiss establish
10 that Petitioner filed the following state petitions: (1) filed on January 5, 2006 in the Fresno County
11 Superior Court to vacate the restitution fine (Doc. 13, Lodged Document ("LD") 2, 3); (2) filed on
12 January 26, 2006 in the California Court of Appeal, Fifth Appellate District ("5th DCA") and denied
13 on February 9, 2006 (LD 4, 5); and (3) filed on May 5, 2006 in the California Supreme Court and
14 denied on May 26, 2006, by the 5th DCA, after the petition was transferred there by the state
15 supreme court.  (LD 6, 7, & 8).

16        None of these state petitions are entitled to statutory tolling under the AEDPA.  A petitioner
17 is not entitled to tolling where the limitations period has already run prior to filing a state habeas
18 petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez, 276 F.3d at 482;  see
19 Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d at
20 823)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before
21 the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails
22 to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations
23 period).   Here, as mentioned, the limitations period expired on April 25, 1997, approximately eight
24 and one-half  years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail
25 himself of the statutory tolling provisions of the AEDPA for any of those three petitions.

26        D.  Equitable Tolling
27        The limitation period is subject to equitable tolling when "extraordinary circumstances
28 beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no claim of entitlement to equitable tolling and the record discloses no basis for such a claim. Accordingly, because Petitioner is not entitled to either equitable or statutory tolling, the instant petition was untimely by nine and one-half years and must therefore be dismissed.

### E. Lack of Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis supplied). This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923 (1989)(per curiam); Resendiz v. Kovensky, 416 F.3d 952, 955 (9th Cir. 2005).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it. Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1447-1448 (9th Cir. 1990). The U.S. Supreme Court has not taken a literal view of the "in custody" requirement, observing that "besides physical imprisonment,

there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S. 236, 240, 83 S.Ct. 373 (1963) (holding that persons released from incarceration on parole are "in custody" under 28 U.S.C. § 2241); see also, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1989). Thus, if the petition were filed while petitioner was "in custody," his subsequent release would not necessarily deprive a federal court of subject matter jurisdiction nor would it render the petition moot. Carafas v. La Valle, 391 U.S. 234, 238, 88 S. Ct. 1556 (1968).

However, where, as appears here, a petitioner completes his sentence before the habeas petition is filed, the issue becomes one of whether the conviction and sentence has merely collateral consequences–themselves insufficient to establish the "in custody" requirement–or whether the conviction and sentence impose a "restraint on liberty." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998). Thus, for example, a sentence of fourteen hours of attendance at an alcohol rehabilitation program renders someone "in custody." Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993). Similarly, a convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court. Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973). Also, a parolee is "in custody" because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom." Jones, 371 U.S. at 243. See Barry v. Bergen County Probation Department, 128 F.3d 152, 161 (3d Cir. 1997)(sentence of 500 hours community service placed petitioner "in custody"). However, fines or restitution are simply "collateral consequences" and are insufficient to render someone "in custody." Williamson, 151 F.3d at 1183.

Here, the documents submitted by Respondent establish clearly that Petitioner had completed his two-year sentence on December 20, 1994, some twelve years before the instant petition was filed. Thus, Petitioner cannot meet the "in custody" requirement. This is so despite the fact that Petitioner apparently is presently in prison custody on an unrelated conviction. However, the fact of Petitioner's present incarceration is irrelevant to this analysis. The only relevant time period for purposes of satisfying § 2254's "in custody" requirement is the time period Petitioner was "in

custody" on the offense which the petition is challenging, i.e., between January 17, 1990 and December 20, 1994. It is uncontroverted that Petitioner did not file the instant petition during that time period.

In the Court's view, the only possible argument Petitioner could make that he was "in custody" at the time of filing his petition is that the $100 restitution fine imposed in 1990 remains outstanding. However, as discussed above, fines or restitution are simply "collateral consequences" and are insufficient to render someone "in custody." Williamson, 151 F.3d at 1183.

Accordingly, the Court agrees with Respondent that Petitioner has not satisfied the "in custody" requirement of § 2254 and therefore the Court lacks habeas jurisdiction in this case. Accordingly, the petition should be dismissed. Id.; Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999).[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 11), is GRANTED;

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period and for lack of jurisdiction; and

3. The Clerk of Court is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

Dated:   **January 16, 2009**                                   /s/ Theresa A. Goldner
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent also contends that the petition is unexhausted, noting that the one state petition filed in the California Supreme Court was transferred back to the 5th DCA. Hence, Respondent reasons that Petitioner's claim has never been "fairly presented" to the state's highest court. (Doc. 11, pp. 5-6). However, Respondent also notes that dismissing the petition as unexhausted would be futile since the petition itself is untimely and the statute of limitations would bar any subsequently filed petition that contains exhausted claims. (Id.). The Court agrees that dismissal for lack of exhaustion would be futile. Accordingly, the Court will not address the issue of exhaustion since it has already concluded that it lacks habeas jurisdiction and that the petition must be dismissed as untimely.