UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO CONTRERAS, | ) | 1:06-cv-01541-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | (Doc. 20) |
| | ) | |
| JOHN MARSHALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 1, 2006. (Doc. 1). In his petition, Petitioner challenged the legality of a $100 restitution fine included in his January 9, 1990 two-year sentence imposed after a probation revocation determination. (Doc. 1, pp. 2-7). On January 7, 2008, the Court ordered Respondent to file a response. (Doc. 7). On April 7, 2008, Respondent filed a motion to dismiss the petition as having been filed beyond the one-year period provided for in 28 U.S.C. § 2244(d).[1] (Doc. 11). On April 29,

---

[1] On August 5, 2008, Petitioner filed a motion of judicial inquiry in which he explains that he did not intend to challenge his 1990 conviction; rather, he was only challenging Respondent's legal authority to enforce the $100 restitution fine commencing approximately fifteen years after the fine was originally imposed. (Doc. 18). Petitioner purports to be perplexed why the Court has construed his original filing, which was captioned as "Motion of Judicial Inquiry To A

1

1  2008, upon the consent of all parties, the matter was re-assigned to the United States Magistrate
2  Judge for all purposes. (Doc. 16). On January 16, 2009, the Court issued an order granting
3  Respondent's motion to dismiss, dismissing the petition for writ of habeas corpus, entering
4  judgment, and closing the case. (Docs. 18 & 19). On March 20, 2009, Petitioner filed the instant
5  motion for reconsideration. (Doc. 20).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from

---

Constitutional Question That Has Appeared On The Face of The Record But Overlooked By The State Courts For The State Of California," as a federal habeas corpus petition and subjected it to the one-year time limit imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). For the reasons discussed below, however, it is well-settled in the State of California that a restitution fine is part of the criminal judgment and sentence. Thus, the Court was correct to construe Petitioner's original filing as a petition for writ of habeas corpus.

2

1  judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts
2  or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or
3  what other grounds exist for the motion."   Local Rule 230(j).

4     Indeed, the only argument Petitioner raises is that he never intended for his original filing to
5  be construed as a challenge to his conviction; rather, he was simply questioning the constitutionality
6  of a state court seeking to enforce a restitution order fifteen years after the fine was imposed by the
7  sentencing court.  Petitioner contends that the AEDPA should not apply, and apparently seeks to
8  have traditional civil statutes of limitation bar the State of California from collecting on the "debt"
9  owed by Petitioner to the State.  Such arguments fall woefully short of the requirements established
10  by Rule 60(b).

11     Petitioner evidences a serious misunderstanding about the nature of the fine he challenges
12  under California Penal Code § 1202.4 and its relationship to the Court's federal habeas jurisdiction.
13  (Doc. 20, p. 2).   In 1983, the California legislature enacted comprehensive legislation regarding
14  fines imposed in criminal cases, including the enactment of Penal Code § 1202.4, which provides for
15  the imposition of a restitution fine in <u>any</u> case in which a criminal defendant is convicted of a felony.
16  <u>People v. Palomar</u>, 171 Cal.App.3d 131, 133 (1985).  It is undisputed that, in California, such fines
17  are considered to be part of the defendant's conviction and sentence.  <u>E.g.</u>, <u>People v. Hong</u>, 64
18  Cal.App.4th 1071, 1080 (1998)("A judgment includes a fine.  A restitution fine is a fine.").

19     Accordingly, when Petitioner filed in this Court his challenge to the constitutionality of
20  Respondent's efforts to enforce the restitution fine imposed at Petitioner's 1990 sentencing,
21  Petitioner was in fact challenging his state conviction and sentence, and therefore the Court was
22  justified in construing the document as a petition for writ of habeas corpus.  Because under
23  California law a restitution fine is part of a defendant's sentence, it is simply not legally possible for
24  Petitioner to challenge his restitution fine in this Court without also challenging his original
25  sentence.  In challenging his original sentence, though, Petitioner is invoking the habeas jurisdiction
26  of this Court.  For the reasons discussed in the order dismissing the petition as untimely under the
27  AEDPA, the Court explained in great detail why the Court could not exercise habeas jurisdiction
28  over a petition filed many years after the AEDPA's one-year limitation period for such filings had

expired. (Doc. 18). It is regrettable that Petitioner continues to misapprehend the legal nature and consequences of his challenge to the 1990 restitution fine; however, the Court's construction of Petitioner's filing as a petition for writ of habeas corpus and the Court's subsequent dismissal of that petition were entirely proper.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 20), is DENIED

IT IS SO ORDERED.

Dated:   **January 27, 2010**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE